IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

L.T.,

     Plaintiff,

v.

                                   CIVIL ACTION NO. __2:26-cv-00235____

                                   JUDGE:_____

BRIDGE VALLEY COMMUNITY AND
TECHNICAL COLLEGE BOARD OF
GOVERNORS, JERRY C. OSBORNE,
CASEY SACKS, KEN HAYNES and
CARLA BLANKENBUEHLER,

     Defendants.

## COMPLAINT

NOW COMES the Plaintiff, L.T.[1], by counsel, Robert B. Warner and Warner Law Offices, PLLC, and for her Complaint against Defendants Bridge Valley Community and Technical College Board of Governors, Jerry C. Osborne, Casey Sacks, Ken Haynes and Carla Blankenbuehler, alleges and avers as follows:

## PARTIES

1.     At all times relevant herein, Plaintiff L.T. was a resident of Kenna, Jackson County, West Virginia.

2.     Bridge Valley Community and Technical College ("Bridge Valley") is a public institution of higher education independently accredited and permitted by the West Virginia Higher Education Policy Commission.

---

[1] In cases involving sensitive matters and/or minor children, only the initials of the victim are used. *See e.g., Holmes v. Ballard*, 2013 W.Va. LEXIS 353 (W.Va. 2013); *State v. Edward Charles L.*, 183 W.Va. 641, 645 n. 1, 398 S.E.2d 123, 127 n.1 (1990).

3. Bridge Valley is a member of the Community and Technical College System of West Virginia, under the direction of the West Virginia Council for Community and Technical College Education.

4. Bridge Valley Community and Technical College Board of Governors ("Bridge Valley BOG") is the governing board of Bridge Valley and is statutorily required to determine, control, supervise and manage the financial, business and educational policies and affairs of the state institution of higher education under its jurisdiction.

5. Bridge Valley is a state institution of higher learning under the control and authority of the Bridge Valley BOG that provides public post-secondary education, including two-year associate's degree, certificate, diploma, workforce certification, or skills training programs through its five (5) academic divisions which include: Technology Division; Nursing & Emergency Services Division; Allied Health Division; General Education & Professional Programs Division; and Workforce Development and Technical Education Division.

6. Bridge Valley's Workforce Development and Technical Education Division offers courses for students who may or may not be seeking a degree. Programs include: BICSI Fiber Optic Training; Utility Line Service Mechanic; Heating, Ventilation, Air Conditioning and Refrigeration (HVACR); Commercial Roofing; Machine Tool Technology; Commercial Driver's License (CDL); Welding Technology; Diesel Technology; Gas Measurement, Process Technology; Chemical Operation; Highway Engineering Technology; and Home Inspector Training.

7. Bridge Valley's Workforce Development and Technical Education Division offers an associate's degree of Applied Science in Welding Technology.

8.      Defendant Jerry C. Osborne was, at all times relevant herein, employed as a welding instructor at Bridge Valley.  Upon information and belief, Defendant Osborne is a resident of Clay County, West Virginia.

9.      Defendant Casey K. Sacks, Ph.D., ("Defendant Sacks") was at all times relevant herein, employed as the President of Bridge Valley.  Upon information and belief, Defendant Sacks is a resident of Kanawha County, West Virginia.

10.      Defendant Carla Blankenbuehler, ("Defendant Blankenbuehler") was at all times relevant herein, employed as the Title IX Deputy Coordinator for Students and Dean of Students at Bridge Valley.   Upon information and belief Defendant Blankenbuehler is a resident of Kanawha County, West Virginia.

11.      Defendant Ken J. Haynes, ("Defendant Haynes") was at all times relevant herein, employed as an Assistant Professor, Department Chair and Instructional Specialist of Manufacturing Technologies at Bridge Valley.  Upon information and belief, Defendant Haynes is a resident of Kanawha County, West Virginia.

**JURISDICTION AND VENUE**

12.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S. C. § 1331 and its grant of original jurisdiction over all civil actions arising under the Constitution or laws of the United States, as well as the grant of original jurisdiction under 28 U.S.C. § 1343 for actions to redress the deprivation, under color of any State law, regulation, custom or usage of any right or privilege secured by the Constitution of the United States for equal rights of citizens within the jurisdiction of the United States.

13.     Plaintiff brings this action to redress a hostile education environment as prohibited by 20 U.S.C. § 1681 ("Title IX") and to redress the deprivation of L.T.'s constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

14.     This Court has pendent jurisdiction over all State law claims asserted herein pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) as the state and federal claims herein derive from a common nucleus of operative facts and are such that would be ordinarily expected to be tried together all in one judicial proceeding.

15.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because the action is based in part upon a federal question and the events giving rise to this claim took place in this judicial district.

16.     Plaintiff has satisfied the pre-suit notice requirements set forth in West Virginia Code § 55-17-3.

**FACTS RELEVANT TO ALL COUNTS**

17.     At all times relevant herein, Defendant Bridge Valley BOG owned and operated Bridge Valley and was responsible for the hiring, retention, monitoring, supervision, evaluation, discipline and termination of instructors, professors, administrators and other school personnel at Bridge Valley, including but not limited to Defendant Osborne, Defendant Sacks, Defendant Blankenbuehler and Defendant Haynes.

18.     At all times relevant herein, Defendant Bridge Valley BOG was receiving federal and state funds with which it operated Bridge Valley, and L.T. was receiving federal student aid funds which she used to purchase educational classes at Bridge Valley.

19.     At all times relevant herein, Defendant Sacks was acting within the course and scope of her employment and agency with Bridge Valley and Bridge Valley BOG as the President of the community and technical school attended by L.T.

20.     At all times relevant herein, Defendant Sacks as the President of Bridge Valley owed a duty to L.T. to ensure the institutional compliance of Bridge Valley with all federal and state anti-discrimination laws, including but not limited to Title IX.  Defendant Sacks owed a duty to L.T. and other students to act to promote a safe educational environment at Bridge Valley and to allocate the necessary resources for the prevention of, and response to discrimination, including sexual discrimination.

21.     At all times relevant herein, Defendant Blankenbuehler was acting within the course and scope of her employment and agency with Bridge Valley and Bridge Valley BOG as the Title IX Deputy Coordinator for Students and/or Dean of Students.

22.     Upon information and belief, at all times relevant herein, Defendant Blankenbuehler, as the Title IX Deputy Coordinator for Students, owed a duty to L.T. and other students to: coordinate responses to complaints of discriminatory misconduct; educate students regarding their right to access to educational services free of sexual discrimination, sexual harassment and sexual misconduct; ensure fair procedures for the complaint process; provide training, education and technical assistance to students, staff and faculty; and monitor compliance with Title IX regulations at Bridge Valley as a whole.

23.     At all times relevant herein, Defendant Osborne was acting within the course and scope of his employment and agency with Bridge Valley and Bridge Valley BOG as the welding instructor.

24.    At all times relevant herein, Defendant Haynes was acting within the course and scope of his employment and agency with Bridge Valley and Bridge Valley BOG as the Department Chair, and Assistant Professor and Instructional Specialist in the Manufacturing Technologies division of Bridge Valley.

25.    At all relevant times herein, L.T. was enrolled in welding and diesel mechanics classes at Bridge Valley in the Fall of 2023, through the late winter of 2025, wherein Defendant Osborne was assigned as her welding instructor and Defendant Haynes was a Department Dean and instructor exercising authority over classes in which L.T. was enrolled.

26.    At all relevant times herein Defendant Osborne was present on the premises and had access to and authority over the students in attendance at Bridge Valley, including but not limited to L.T., by virtue of his employment at Bridge Valley as a welding instructor and agent of Bridge Valley BOG.

27.    During the 2023-2024 and 2024-2025 school year and continuing in varying degrees until February of 2025, while L.T. was a student at Bridge Valley, she was physically assaulted, sexually assaulted, sexually harassed, intimidated and threated by Defendant Osborne.

28.    The physical and sexual abuse, harassment and intimidation of L.T. was committed by Defendant Osborne on the property of Bridge Valley. Defendant Osborne was sexually touched, verbally harassed sexually, aggressively battered and verbally assaulted and intimidated on the premises of Bridge Valley while attempting to receive welding instruction in furtherance of her education and chosen career path.

29.    Plaintiff L.T. reported to employees and agents of Bridge Valley, including but not limited to the Diesel Professor, Joe Young, Student Aid personnel Ian, and Student Aid personnel

6

Remie, that Defendant Osborne was sexually harassing, sexually battering and sexually assaulting her.

30. On each occasion, each of these Bridge Valley personnel told L.T., "that is how Jerry is" and/or "he's [Defendant Osborne] just messing with you" dismissing L.T.'s serious complaints of wrongful conduct that in multiple instances rose to the level of criminal acts by Defendant Osborne and in all instances violated Title IX.

31. Upon information and belief, Diesel Professor Joe Young reported the harassment and abuse to Defendant Haynes in his capacity as Department Chair.

32. Despite Defendant Haynes' status as a mandatory reporter, upon information and belief, Defendant Haynes did not report the incident or L.T.'s disclosure to Bridge Valley administration and/or any law enforcement agency. Furthermore, Defendant Haynes' took no action to address the situation with L.T., explain her rights, or instruct her as to alternative channels for making a complaint against an instructor.

33. As a result of Defendant Haynes' failure to investigate and report L.T.'s disclosure, Defendant Osborne was allowed to continue his abuse of L.T. unhindered and likely emboldened in his tortious and criminal behavior.

34. In the alternative, Defendant Haynes, as a mandatory reporter, did report L.T.'s disclosure to Defendant Blankenbuehler and/or Defendant Sacks, who failed to properly investigate L.T.'s allegations, speak with or interview L.T., inform her of her rights under state and federal law to be free of this type of sexual physical battery and verbal harassment, or otherwise take any action against Defendant Osborne.

35. Upon information and belief, as a result of acts of sexual battery and/or sexual harassment or assault against another student, on or about October 9, 2024, Defendant Osborne

was charged by the State of West Virginia with battery in violation of West Virginia Code § 61-2-9(c).

36.    Upon information and belief, Defendant Osborne was not placed on leave, was not immediately the subject of any type of discipline or adverse employment action and continued to be employed as a welding instructor until at least February of 2025.

37.    Upon information and belief, no meaningful investigation into the allegations of L.T. against Defendant Osborne was undertaken by Defendant Sacks, Defendant Blankenbuehler and/or Defendant Bridge Valley BOG.

38.    Defendant Osborne's physical sexual and verbal sexual harassment and assaults of L.T. continued depriving her of an equal opportunity and access to the educational programs of her choice.

39.    Despite the Defendants' failure to take appropriate action to investigate the complaints against Defendant Osborne by L.T. and others, at some point prior to late October 2024, Defendant Osborne was informed of L.T.'s allegations against him.

40.    In late October of 2024, L.T. was kneeling in the classroom switching out welding rods when Defendant Osborne aggressively approached her, pulled her against him to ensure she was against his genitals, then turned her towards him, grabbed her head with both hands, pulled her face up to his, and stared at her for a prolonged time with an intense and intimidating look.  He then released her face, abruptly turned and walked away.

41.    The retaliatory actions of Defendant Osborne caused L.T. to fear for her physical safety and deprived her of a safe learning environment free from sexual violence, harassment and intimidation.

42.   Defendant Sacks, Defendant Haynes and Defendant Blankenbuehler are all statutory mandatory reporters of sexual misconduct under Title IX who must inform the appropriate law enforcement agency(ies).

43.   Upon information and belief, personnel of Bridge Valley, employees/agents of Bridge Valley BOG, including but not limited to Defendant Sacks, Defendant Haynes, and Defendant Blankenbuehler failed to report the physical and mental abuse suffered by L.T.

44.   Personnel of Bridge Valley, employees/agents of Bridge Valley BOG, including but not limited to Defendant Sacks and Defendant Blankenbuehler failed to conduct a meaningful investigation into the allegations of L.T. against Defendant Osborne.

45.   Upon information and belief, Defendant Sacks, Defendant Haynes, Defendant Blankenbuehler, and Defendant Bridge Valley BOG knew of Defendant Osborne's character and unnatural propensities toward young women and continued to give him unfettered and unsupervised access to L.T. and other students, where he exercised authority over them.

46.   The acts and omissions of Defendant Sacks, Defendant Haynes, Defendant Blankenbuehler, and Defendant Bridge Valley BOG emboldened and empowered Defendant Osborne to continue his abuse of L.T. and others.

47.   As a direct and proximate result of the tortious and criminal acts of the Defendants, individually and collectively, L.T. has suffered bodily injuries, pain, suffering, severe emotional distress, mental anguish, permanent psychological injuries, humiliation, embarrassment, indignity, shame and fear and has incurred and will incur medical, hospital, therapy and other healthcare related expenses, in the past and continuing into the future, as well as diminished earning capacity and future lost wages.

## COUNT I – TITLE IX

48.     Plaintiff restates and re-alleges the allegations contained within the above paragraphs of this Complaint as if the same were set forth fully herein.

49.     Upon information and belief, Title IX applies to Defendant Bridge Valley BOG because it receives federal financial assistance.

50.     Bridge Valley BOG and consequently Bridge Valley is required to have comprehensive policies and procedures in place to prevent student experiences of sexual misconduct by a school employee.

51.     Bridge Valley BOG and consequently Bridge Valley are required to engage in prevention efforts with regard to student experiences of sexual misconduct by a school employee.

52.     Bridge Valley BOG and consequently Bridge Valley are required to conduct effective training for staff and students with regard to the prevention of student experiences of sexual misconduct by a school employee.

53.     Bridge Valley BOG and consequently Bridge Valley, Defendant Sacks, Defendant Haynes, Defendant Blankenbuehler are required to timely report student experiences of sexual misconduct by a school employee.

54.     Bridge Valley BOG and consequently Bridge Valley are required to conduct thorough and coordinated investigations into allegations of student experiences of sexual misconduct by a school employee.

55.     Bridge Valley BOG and consequently Bridge Valley are required to initiate an effective response to allegations of student experiences of sexual misconduct by a school employee.

56.     Plaintiff L.T. is a member of a protected class under Title IX and its governing regulations.

57.     Plaintiff L.T. was subjected to sexual harassment in the form of repeated sexual assault, sexual harassment, intimidation and battery by Defendant Osborne.

58.     The harassment endured by Plaintiff L.T. was based on her gender.

59.     Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler owed Plaintiff L.T. a duty to create, implement and enforce comprehensive policies and procedures to prevent sexual misconduct by school employees, including but not limited to Defendant Osborne.

60.     Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler owed Plaintiff L.T. a duty to engage in affirmative prevention efforts of sexual misconduct against students by school employees, including but not limited training for all staff and students.

61.     Defendant Bridge Valley BOG, Defendant Sacks, Defendant Haynes and Defendant Blankenbuehler owed Plaintiff L.T. a duty to timely report her disclosure of sexual misconduct by school employee Defendant Osborne.

62.     Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler owed Plaintiff L.T. a duty to conduct a thorough, fair, balanced and coordinated investigation into her allegations of employee sexual misconduct against her.

63.     The acts of Defendant Osborne, at minimum, constitute unlawful sexual harassment of Plaintiff L.T. and discrimination on the basis of her gender.

64.     Plaintiff endured continuing and additional sexual harassment as a result of Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler lack of policies and procedures, training and/or supervision and other affirmative preventative measures.

65.     Plaintiff endured continuing and additional sexual harassment and intimidation as a result of Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler's failure to properly, thoroughly and reasonably investigate Plaintiff L.T.'s allegations of sexual harassment/assault by Defendant Osborne.

66.     Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler's adverse actions, inaction and failures, committed against Plaintiff L.T., constitute unlawful sexual harassment and discrimination on the basis of gender.

67.     The sex-based harassment articulated herein and endured by Plaintiff L.T. was so severe, pervasive and objectively offensive that it deprived L.T. of access to educational opportunities or benefits and interfered with her ability to learn and participate in educational activities.

68.     For purposes of Title IX, one single instance of sexual violence is sufficient to create a hostile educational environment.

69.     Defendant Haynes had actual knowledge of the sexual harassment and/or sexual assaults committed by Defendant Osborne against Plaintiff L.T. before additional acts of sexual battery, assault, sexual harassment and intimidation occurred against Plaintiff L.T.

70.     Defendant Haynes' failure to investigate, failure to report to school administration and/or law enforcement, and failure to promptly and appropriately respond to the alleged sexual harassment/assault, resulted in Plaintiff L.T., being excluded from participation in, being denied the benefits of, and being subjected to discrimination on the basis of her sex in the Bridge Valley BOG's education program in violation of Title IX.

12

71. Defendant Haynes' acts and omissions in failing to report or investigate the report of Plaintiff L.T. of abuse by Defendant Osborne were committed in a wanton and reckless manner and with a perverse disregard of a known risk.

72. Defendant Haynes knew or reasonably should have known that his conduct would in all probability result in further injury to Plaintiff L.T.

73. Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler were given actual knowledge of the alleged sexual harassment and/or sexual assaults committed by Defendant Osborne no later than early October of 2024.

74. Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler's failure to investigate, failure to report, and failure to promptly and appropriately respond to the alleged sexual harassment/assault, resulted in Plaintiff L.T., being excluded from participation in, being denied the benefits of, and being subjected to discrimination on the basis of her sex in the Bridge Valley BOG's education program in violation of Title IX.

75. Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler failed to take immediate and effective remedial measures to resolve the complaint of sexual harassment/sexual assault by Defendant Osborne against Plaintiff L.T. and instead acted with deliberate indifference toward Plaintiff L.T.

76. Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler persisted in their actions and inactions even after obtaining actual knowledge of the harm suffered by Plaintiff L.T. and other students.

77. Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler's acts and omissions in failing to report or investigate the report of Plaintiff L.T. of abuse by

Defendant Osborne were committed in a wanton and reckless manner and with a perverse disregard of a known risk.

78.     Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler knew or reasonably should have known that their conduct with regard to and failure to appropriately respond to the report of abuse of Plaintiff L.T. by Defendant Osborne would in all probability result in further injury to Plaintiff L.T. and others.

79.     Defendant Bridge Valley BOG, Defendant Sacks and/or Defendant Blankenbuehler engaged in a pattern and practice of behavior designed to discourage students who have been sexually assaulted and/or sexually harassed from seeking prosecution of and protection from the assailants, as well as seeking to have sexual assaults fully investigated.

80.     These acts, omissions, policies and practices constitute disparate treatment of females and had a disparate impact on female students, including but not limited to Plaintiff L.T.

81.     Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler failed to provide Plaintiff with periodic updates on the investigation as required by Title IX and its implementing policies.

82.     Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler did not provide the Plaintiff with a thorough, coordinated, adequate, impartial, balanced or fair investigative and/or hearing process with the same opportunities being provided to both Plaintiff L.T. and Defendant Osborne.

83.     The investigation, if any, of Defendant Bridge Valley BOG, its agents and employees, including but not limited to Defendant Sacks and Defendant Blankenbuehler, was not thorough or impartial, adequate, reliable or equitable as required by Title IX.

14

84.    Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler as a result of their failure to engage in a thorough, balanced and fair investigation, arrived at unsound and unsupported decisions with regard to the continued employment of Defendant Osborne.

85.    As a direct and proximate result of the acts and omissions of Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler, Plaintiff L.T. was subject to continuing fear and she lost educational opportunities.

86.    Defendant Osborne's continued presence at Bridge Valley and continued employment with Bridge Valley BOG subjected Plaintiff to additional harassment, making her vulnerable to encounters with her assailant and forcing her to endure an oppressive and unsafe educational environment.

87.    Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler created and subjected Plaintiff to a hostile education environment in violation of Title IX of the Education Amendments in failing to properly punish perpetrators of sexual assaults, thereby creating a hostile environment that fails to discourage or prevent sexual assaults and favors the perpetrators of sexual assaults as opposed to the victims.

88.    Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler created and subjected Plaintiff to a hostile education environment in violation of Title IX of the Education Amendments in failing to properly train and educate its employees regarding inappropriate response to allegations of sexual abuse and harassment, as well as the attendant Title IX policies and procedures.

89.    Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler created and subjected Plaintiff to a hostile education environment in violation of Title IX of the

15

Education Amendments in offering Defendant Osborne continuing employment thereby elevating his interests above Plaintiff L.T.'s.

90. As a result of the Defendants' adverse actions, inactions, violations and failures, Plaintiff suffered ongoing fear of Defendant Osborne, she was deprived of a multitude of educational opportunities and benefits and suffered negative consequences.

## COUNT II - § 1983 Violations

91. Plaintiff restates and re-alleges the allegations contained within the above paragraphs of this Complaint as if the same were set forth fully herein.

92. In accordance with the Fourteenth Amendment of the United States Constitution, Plaintiff had the right as a public-school student to personal security, bodily integrity and equal protection under the laws.

93. While in attendance at Bridge Valley, Plaintiff L.T. was under direct and indirect supervision of Defendant Bridge Valley BOG, Defendant Osborne, Defendant Sacks, Defendant Blankenbuehler and Defendant Haynes.

94. At all relevant times herein, Defendant Osborne, Defendant Sacks, Defendant Blankenbuehler and Defendant Haynes were all state actors acting under the color of state law.

95. Defendant Osborne subjected Plaintiff to violations of her right to personal security, bodily integrity and equal protection under the law by sexually harassing, sexually assaulting, abusing and intimidating her.

96. The aforementioned acts of Defendant Osborne set forth herein are egregious, outrageous and extremely shocking to the contemporary conscious, manifesting a deliberate indifference to the personal security, bodily integrity and the right of equal protection of the laws belonging to Plaintiff L.T.

16

97.    The aforementioned acts of Defendant Osborne were committed with malicious purpose and a perverse disregard of a known risk.  Defendant Osborne knew that his conduct would result in injury to Plaintiff L.T.

98.    Defendant Haynes, Defendant Sacks and Defendant Blankenbuehler knew of the specific risk of harm posed to Plaintiff L.T. by Defendant Osborne and failed to take any action to protect her from continued sexual harassment and abuse.

99.    Defendant Haynes, Defendant Sacks and Defendant Blankenbuehler increased the risk of harm to Plaintiff L.T. by failing to promptly report Plaintiff L.T.'s disclosure of acts of violence against her by Defendant Osborne.

100.    Defendant Haynes, Defendant Sacks and Defendant Blankenbuehler subjected Plaintiff to violations of her right to personal security, bodily integrity and equal protection under the laws by failing to investigate or report Defendant Osborne's misconduct, manifesting a deliberate indifference to the sexual assault and ongoing sexual harassment of Plaintiff L.T.

101.    The aforementioned acts and omissions of Defendant Haynes, Defendant Sacks and Defendant Blankenbuehler are egregious, outrageous and shocking to the contemporary conscious, manifesting a deliberate indifference to the sexual assault and ongoing harassment of Plaintiff L.T.

102.    The aforementioned acts and omissions of Defendant Haynes, Defendant Sacks and Defendant Blankenbuehler were committed in a wanton and reckless manner and with a perverse disregard of the known risk to Plaintiff L.T.

103.    Defendant Bridge Valley BOG, Defendant Haynes, Defendant Sacks and Defendant Blankenbuehler knew that their failure to act in this manner would in all probability result in injury to Plaintiff L.T.

104. Defendant Bridge Valley BOG, Defendant Haynes, Defendant Sacks and Defendant Blankenbuehler created and/or increased the risk of harm to Plaintiff L.T. by hiring, recommending hiring, and/or retaining the services of Defendant Osborne thereby exposing Plaintiff L.T. to acts of sexual violence.

105. Defendant Bridge Valley BOG and Defendant Blankenbuehler increased the risk of harm to Plaintiff L.T. by failing to properly train and supervise Defendant Haynes.

106. Defendant Haynes created and/or increased the risk of harm to Plaintiff L.T. by failing to properly monitor and supervise Defendant Rayburn.

107. Defendant Bridge Valley BOG, Defendant Sacks and Defendant Blankenbuehler subjected Plaintiff to violations of her right to personal security, bodily integrity and equal protection under the laws by failing to investigate evidence of criminal and tortious misconduct against Plaintiff L.T. which violated her right to personal security and bodily integrity; by failing to adequately train Defendant Haynes with regard to maintaining, preserving and protecting Plaintiff L.T. and other students from violations of their right to personal security, bodily integrity and equal protection of the laws; and by failing to adequately discipline Defendant Osborne.

108. The aforementioned acts and omissions of Defendant Sacks, Defendant Blankenbuehler and Defendant Hayes are egregious, outrageous and shocking to the contemporary conscious, manifesting a deliberate indifference to the sexual assault and ongoing harassment of Plaintiff L.T.

109. The aforementioned acts and omission were committed in a wanton and reckless manner and with a perverse disregard of the known risk to Plaintiff L.T.

110.    Defendant Sacks, Defendant Blankenbuehler and Defendant Hayes knew that the failure to act swiftly and appropriately in this situation would in all probability result in injury to Plaintiff L.T.

111.    Defendant Bridge Valley BOG created and increased the risk of harm to Plaintiff L.T. by failing to properly investigate or vet and/or hiring and retaining Defendant Osborne.

112.    Defendant Bridge Valley BOG created and increased the risk of harm to Plaintiff L.T. by failing to adequately train and supervise Defendant Sacks, Defendant Blankenbuehler and Defendant Hayes with regard to protecting students, including Plaintiff L.T., from violations of their constitutional rights to personal security, bodily integrity and equal protection under the law.

113.    Defendant Bridge Valley BOG created and increased the risk of harm to Plaintiff L.T. by failing to adequately train and supervise Defendant Sacks, Defendant Blankenbuehler and Defendant Hayes with regard to investigation of criminal and tortious misconduct against students with regard to violations of students' constitutional rights to personal security, bodily integrity and equal protection under the law.

114.    Upon information and belief, Bridge Valley BOG has or had unconstitutional policies, procedures and/or customs of practice with regard to failing to adequately train and supervise its employees with regard to preserving and protecting students from violations of their constitutional rights to personal security, bodily integrity and equal protection under the laws and in failing to thoroughly, adequately and impartially investigate evidence of criminal and tortious misconduct against students with regard to violations of their constitutional rights to personal security, bodily integrity and equal protection under the law.

115.    Upon information and belief, Bridge Valley BOG has followed these unconstitutional customs, practices and policies not only with regard to Plaintiff but with regard to other criminal and tortious misconduct against students.

116.    Defendant Bridge Valley BOG's unconstitutional customs, practices and policies constitute disparate treatment of females and had a disparate impact on female students, including L.T.

117.    Defendant Sacks is and was at all relevant times herein a policymaker for the purpose of implementing Defendant Bridge Valley BOG's unconstitutional customs, practices and policies.

118.    The aforementioned acts and omissions of Defendant Bridge Valley BOG are egregious, outrageous and shocking to the contemporary conscious, manifesting a deliberate indifference to the sexual assault and ongoing harassment of Plaintiff L.T.

119.    As a direct and proximate result of the acts and omissions of the Defendants set forth herein, constituting deliberate indifference to her rights under the Fourteenth Amendment, and the breach of duties owed, Plaintiff L.T. has suffered bodily injuries, severe emotional distress, permanent psychological injury and damage, past and future medical/psychological expenses, mental anguish, past and future loss of enjoyment of life, past and future humiliation, embarrassment, indignity and shame, diminished earning capacity and future lost wages.

**WHEREFORE**, Plaintiff L.T., by counsel, demands judgment against the Defendants for compensatory damages in an amount sufficient to fairly compensate her for her injuries and damages, pre and post judgment interests, attorney fees, costs and litigation expenses, and any other relief in favor of the Plaintiff that this Court deems just under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

20

**L.T.,**
**By Counsel:**


*/s/ Robert B. Warner*
Robert B. Warner (WVSB #7905)
WARNER LAW OFFICES, PLLC
227 Capitol Street
Post Office Box 3327
Charleston, West Virginia 25333
Telephone: (304) 345-6789
Facsimile: (304) 344-4508
*bwarner@wvpersonalinjury.com*

21