**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

L.T.,

Plaintiff,

v. CIVIL ACTION NO. 2:26-cv-00235

BRIDGE VALLEY COMMUNITY
AND TECHNICAL COLLEGE
BOARD OF GOVERNORS, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Amended Complaint* (Document 22), *Bridge Valley Community and Technical College Board of Governors' Motion to Partially Dismiss Amended Complaint and to Dismiss and/or Strike Plaintiff's Punitive Damages Demand* (Document 26), the *Plaintiff's Response to Defendant Bridge Valley Community and Technical College Board of Governors' Motion to Partially Dismiss Amended Complaint and to Dismiss and/or Strike Plaintiff's Punitive Damages Demand* (Document 33), and the *Reply in Support of Bridge Valley Community and Technical College Board of Governors' Motion to Partially Dismiss Amended Complaint and to Dismiss and/or Strike Plaintiff's Punitive Damages Demand and Response in Opposition to Plaintiff's Request for Leave to Amend* (Document 37).

In addition, the Court has reviewed *Defendants Ken Haynes and Carla Blankenbuehler's Motion to Dismiss Amended Complaint* (Document 28), the *Memorandum of Law in Support of*

*Defendants Ken Haynes and Carla Blankenbuehler's Motion to Dismiss Amended Complaint* (Document 29), the *Plaintiff's Response to Defendants Ken Haynes and Carla Blankenbuehler's Motion to Dismiss Amended Complaint* (Document 35), and the *Reply in Support of Defendants Ken Haynes's and Carla Blankenbuehler's Motion to Dismiss Amended Complaint and Response in Opposition to Plaintiff's Improper Request for Leave to File a Second Amended Complaint* (Document 36).

The Court has also reviewed *Defendant Jerry C. Osborne's Partial Motion to Dismiss Plaintiff's Amended Complaint* (Document 30), the *Memorandum of Law in Support of Defendant Jerry C. Osborne's Partial Motion to Dismiss Plaintiff's Amended Complaint* (Document 31), the *Plaintiff's Response to Defendant Jerry C. Osborne's Partial Motion to Dismiss Plaintiff's Amended Complaint* (Document 34), and *Defendant Jerry C. Osborne's Reply to Plaintiff's Response to Defendant Jerry C. Osborne's Partial Motion to Dismiss Plaintiff's Amended Complaint* (Document 38).

## FACTUAL ALLEGATIONS

The Plaintiff, L.T., attended Bridge Valley Community and Technical College (Bridge Valley) during the 2023-2024 and 2024-2025 academic years. She was enrolled in welding and diesel mechanics classes, and Defendant Jerry Osborne was her welding instructor. The Bridge Valley Community and Technical College Board of Governors (BOG) is the governing board of Bridge Valley, a state institution of higher learning. Bridge Valley received federal and state funds, and L.T. received federal student aid to attend Bridge Valley. Defendant Casey Sacks was the President of Bridge Valley. Defendant Carla Blankenbuehler was the Title IX Deputy Coordinator for Students and/or Dean of Students at all relevant times. Defendant Ken Haynes

was the Department Chair, Assistant Professor, and Instructional Specialist in the Manufacturing Technologies division at Bridge Valley. Defendants Sacks, Haynes, and Blankenbuehler are all mandatory reporters of sexual misconduct under Title IX.

While L.T. was attending her classes at Bridge Valley, Defendant Osborne sexually touched, assaulted, and harassed her. He physically assaulted her, touched her, intimidated her, and threatened her. L.T. reported Defendant Osborne's misconduct to multiple Bridge Valley employees and agents, including Diesel Professor Joe Young and Student Aid personnel. In response to her reports, Bridge Valley personnel were dismissive, telling her that Defendant Osborne was "just messing with" her and that "that is just how Jerry [Osborne] is." (Am. Compl. at ¶ 30.) However, Professor Young reported the harassment and abuse to Defendant Haynes. Defendant Haynes either took no action and did not investigate or escalate the report, or he did report the disclosure to Defendant Blankenbuehler and/or Defendants Sacks, who failed to investigate or take appropriate action. No one spoke with L.T. to explain her rights or interview her regarding her allegations. There was no investigation into L.T.'s allegations. Defendant Osborne continued to sexually assault and harass L.T., both physically and verbally. At some point prior to late October 2024, Defendant Osborne was informed of L.T.'s allegations, while she remained a student in his classes. In late October 2024, Defendant Osborne approached L.T. while she was in the classroom, "pulled her against him to ensure she was against his genitals, then turned her towards him, grabbed her head with both hands, pulled her face up to his, and stared at her for a prolonged time," before releasing her and walking away. (Am. Compl. at ¶ 40.)

On or about October 9, 2024, Defendant Osborne was charged with battery in violation of West Virginia Code § 61-2-9(c), as a result of sexual battery and/or sexual harassment or assault

against another student. Bridge Valley did not place him on leave, and he continued his employment as a welding instructor until at least February 2025. L.T. feared for her safety and was deprived of a safe learning environment free from sexual violence, harassment, and intimidation.

Defendants Sacks, Haynes, and Blankenbuehler knew of Defendant Osborne's character and propensity to sexually harass and/or assault young women, and allowed him to remain in a position of authority with unfettered access to L.T. and other students. L.T. suffered "bodily injuries, severe emotional distress, permanent psychological injury and damage, past and future medical/psychological expenses, mental anguish, past and future loss of enjoyment of life, past and future humiliation, embarrassment, indignity and shame," and she has incurred and will continue to incur medical expenses as a result, in addition to diminished earning capacity and lost future wages. (*Id.* at ¶ 120.)

L.T. brings the following claims: Count One – Title IX, as to Bridge Valley Community and Technical College Board of Governors; and Count Two – Section 1983 Violations, as to Defendants Jerry C. Osborne, Casey Sacks, Ken Haynes, and Carla Blankenbuehler. She seeks compensatory and punitive damages, pre and post judgment interest, attorney fees, and costs and litigation expenses.

**STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

When reviewing a motion to dismiss, the Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

## DISCUSSION

Defendant Jerry Osborne moves to dismiss "any claim that Plaintiff L.T. is still asserting against this Defendant in Count I of the Amended Complaint" and any Count II §1983 claims against him in his official capacity. The Plaintiff confirmed that Count I is not alleged against Defendant Osborne and Count II is alleged against him only in his individual capacity. Defendant Bridge Valley Community and Technical College Board of Governors seeks to dismiss any claim against it under § 1983, as alleged in Count II, and any claim for punitive damages. The Plaintiff affirms that she has alleged only Count I, the Title IX claim, against Defendant Bridge Valley, and that she does not seek punitive damages from Bridge Valley as they are not available for a Title IX claim. Because the Amended Complaint clearly identifies which counts are asserted against which Defendants, the Court finds no need to further address the motions to dismiss claims that were not asserted.

Defendants Ken Haynes and Carla Blankenbuehler move to dismiss the claims against them, brought pursuant 42 U.S.C. § 1983. They contend that any official capacity claim under § 1983 is not legally viable. As to individual capacity claims, they contend that they are entitled to qualified immunity and that the factual allegations against them are insufficient. They contend that the Plaintiff did not allege facts that would, if proven, "establish personal involvement in a constitutional violation." (Haynes and Blankenbuehler Mem. at 11.) They argue that the Amended Complaint alleges only that they failed to take action to protect the Plaintiff, and contend that they had no constitutional obligation to protect the Plaintiff from the harm caused by Defendant Osborne. They further contend that the Amended Complaint does not adequately state an equal protection claim because there are no factual allegations suggesting that they failed to act

because of the Plaintiff's sex or handled similar complaints by male students differently. Defendants Haynes and Blankenbuehler further argue that the Amended Complaint does not plead sufficient facts to state a claim for supervisory liability. Finally, they urge the Court to dismiss or strike the request for punitive damages, arguing that the alleged facts do not show a sufficiently culpable state of mind.

The Plaintiff notes that Count I was asserted only against Bridge Valley, and Count II is asserted against these Defendants in their individual capacities, not in their official capacities.[1] She argues that the Amended Complaint contains sufficient factual allegations to state a claim against Defendants Blankenbuehler and Haynes, citing her allegations that they were aware of Defendant Osborne's character and the risk of harm posed to her, but failed to take any action to protect her from continued sexual harassment and abuse after learning of Defendant Osborne's actions. She further argues that she adequately pled supervisory liability against these Defendants, emphasizing her allegations that they were aware of Defendant Osborne's misconduct and did nothing, despite their legal obligation to report and/or investigate. She argues that qualified immunity is not available because it is clearly established that the Equal Protection Clause of the Fourteenth Amendment protects against sexual harassment in the educational setting, as well as deliberate indifference to such harassment. The Plaintiff contends that the intent element of her equal protection claim is satisfied by her allegations of deliberate indifference and of customs, policies, and practices carried out by the Defendants that constitute disparate treatment of female students. Finally, she argues that the facts that support deliberate indifference also support punitive damages, and the claim for punitive damages should be allowed to proceed.

---

1 As with the motions to dismiss filed by Bridge Valley and Defendant Osborne, the Court will not further address the arguments regarding claims that were not asserted in the Amended Complaint.

Violation of a student's "Fourteenth Amendment equal protection right to be free from sexual harassment in an educational setting" may be remedied through a claim under 42 U.S.C. § 1983 where officials are alleged to have acted under color of state law. *Jennings v. Univ. of N. Carolina*, 482 F.3d 686, 701 (4th Cir. 2007). A plaintiff must show that the individual(s) alleged to have engaged in sexual harassment were state actors, that they harassed the plaintiff because of sex, and that "the harassment was sufficiently severe or pervasive to interfere unreasonably with her educational activities." *Id.* The standard for a § 1983 sexual harassment claim follows the same framework as a Title VII claim, and Title VII caselaw may be applicable. *Id.* at 701.

The doctrine of respondeat superior is not available for § 1983 claims, but defendants may be subject to supervisory liability. *Baynard v. Malone,* 268 F.3d 228, 235 (4th Cir.2001). To establish supervisory liability, a Plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994); (reaffirmed in *Baynard*, 268 F.3d at 235). Deliberate indifference may be shown through failure to investigate, failure to take action to remedy the harassment, or failure to otherwise respond in a manner designed to remedy the violation. *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 691 (4th Cir. 2018).

The Plaintiff alleges that she reported Defendant Osborne's sexual harassment and abuse to multiple Bridge Valley employees, who responded that it was "how [Osborne] is" or were otherwise dismissive. (Am. Compl. at ¶ 30.) Those responses could support a reasonable

inference that Bridge Valley personnel, including Defendants Haynes and Blankenbuehler, were aware of Defendant Osborne's reputation for engaging in sexual misconduct with female students. The Plaintiff further alleges that Defendants Haynes and Blankenbuehler learned of her allegations and took no action. She alleges that they took no action after Defendant Osborne was charged with battery in relation to sexual battery, harassment, and/or assault against another student. There was no interview, no investigation, no leave or adverse employment action against Defendant Osborne. Instead, L.T. remained exposed to Defendant Osborne's sexual abuse and harassment, as well as retaliation, as she continued taking the courses necessary for her educational and career goals. Those allegations adequately set forth the elements of a supervisory liability claim. If proven, the Plaintiff's factual allegations would establish that Defendants Haynes and Blankenbuehler had actual knowledge that Defendant Osborne was sexually abusing and harassing L.T., that they behaved with deliberate indifference and permitted the misconduct to continue, and that their failure to act resulted in L.T.'s continued exposure to Defendant Osborne's abuse. A fact-finder could infer discriminatory intent from their failure to respond to sexual harassment of female students. *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 703 (4th Cir. 2018). Therefore, the Court finds that the Plaintiff has stated a claim under § 1983 against Defendants Haynes and Blankenbuehler in their individual capacities.

Qualified immunity is an affirmative defense intended to shield public officials from civil suits arising out of their performance of job-related duties. *See, e.g., Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). Defendants asserting a qualified immunity defense first bear the burden of "demonstrating that the conduct of which the plaintiff complains falls within the scope of the defendant's duties." *In re Allen*, 106 F.3d 582, 594 (4th Cir. 1997) (internal quotation marks

omitted.) The defense of qualified immunity is available unless the official "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the plaintiff…." *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (internal emphases omitted). Officials are protected even if they make reasonable mistakes of fact or law, so long as they do not violate a clearly established statutory or constitutional right. *Pearson*, 555 U.S. at 231–32. "A constitutional right is 'clearly established' when its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013) (internal quotation marks and citations omitted).

The Court finds that the right to be free from sexual discrimination and harassment at an educational institution is clearly established. *See, e.g., Fitzgerald v. Barnstable Sch. Comm.,* 555 U.S. 246, 257 (2009). It is also clearly established that responding to complaints of sexual harassment with deliberate indifference violates that right. *Feminist Majority Found*, 911 F.3d at 705; *Jennings,* 482 F.3d at 701. The "sparseness" of the allegations here, as argued by the Defendants, is a function of the current phase of proceedings: the Plaintiff will be required to come forward with evidence to support her factual allegations following discovery, but she need not provide evidence at the pleading stage. Thus, the motion to dismiss based on qualified immunity should be denied.

Finally, the Court finds that the motion to dismiss or strike the claim for punitive damages should likewise be denied. "The callous indifference required for punitive damages is essentially the same as the deliberate indifference required for a finding of liability on the § 1983 claim." *Cooper v. Dyke*, 814 F.2d 941, 948 (4th Cir. 1987). Therefore, the factual allegations that the

Court found sufficient to state a claim for supervisory liability, including the deliberate indifference element, are sufficient, at this stage, to support the claim for punitive damages.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendants Ken Haynes and Carla Blankenbuehler's Motion to Dismiss Amended Complaint* (Document 28) be **DENIED** and that *Bridge Valley Community and Technical College Board of Governors' Motion to Partially Dismiss Amended Complaint and to Dismiss and/or Strike Plaintiff's Punitive Damages Demand* (Document 26) and *Defendant Jerry C. Osborne's Partial Motion to Dismiss Plaintiff's Amended Complaint* (Document 30) be **TERMINATED as moot**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 11, 2026

Irene C. Berger

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA